IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| IN RE: WAL-MART ATM FEE NOTICE LITIGATION<br><br>MDL No. 2234 | )<br>)<br>)  MDL Docket No. 2:11-md-2234-JPM<br>)<br>)  This filing relates to:<br>)<br>)  2:10-cv-2620-JPM-dkv (Donaville)<br>)  2:11-cv-2536-JPM-dkv (Fambrough) |

---

**ORDER DENYING PLAINTIFFS' MOTION TO STRIKE;
GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE SUR-REPLY**

---

Before the Court is Plaintiffs Janis Donaville, Takari Donaville, and Alan Fambrough's (collectively "Plaintiffs") Motion to Strike Defendant Wal-Mart Stores, Inc.'s Summary Judgment Evidence, filed April 10, 2013. (ECF No. 115.)[1] Defendant Wal-Mart Stores, Inc. ("Defendant") responded in opposition on May 10, 2013. (ECF No. 136.)  Plaintiffs filed their Reply on May 24, 2013. (ECF No. 140.)  Defendant sought leave to file a sur-reply on May 30, 2013 (ECF No. 143), to which the Plaintiffs objected on June 7, 2013 (ECF No. 145).

The Court will first address Plaintiffs' Motion to Strike (ECF No. 115), then address Defendant's Motion for Leave to File a Sur-Reply (ECF No. 143).

---

[1] All documents referenced by Electronic Case File Number ("ECF No.") are found in the multi-district litigation docket, In re Wal-Mart ATM Fee Notice Litigation, No. 2:11-md-2234-JPM-dkv.

**I.   Plaintiffs' Motion to Strike**

It is well-settled that motions to strike are governed by Federal Rule of Civil Procedure 12(f) and are "generally disfavored."  See Fox v. Michigan State Police Dep't, 173 F. App'x 372, 375 (6th Cir. 2006) ("Under [Federal Rule of Civil Procedure] 12(f), a court may strike only material that is contained in the pleadings."); Baker v. Shelby Cnty. Gov't, 05-2798 B/P, 2008 WL 245888, at *3 (W.D. Tenn. Jan. 28, 2008); Scott v. The Dress Barn, Inc., No. 04-1298-T/An, 2006 WL 870684, at *1 (W.D. Tenn. March 31, 2006).  Pursuant to Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Rule 7(a) sets forth the definition of "pleading":  "a complaint"; "an answer to a complaint"; "an answer to a counterclaim designates as a counterclaim"; "an answer to a cross claim"; "a third-party complaint"; "an answer to a third-party complaint"; and "a reply to an answer," if so ordered by the court.  Fed. R. Civ. P. 7(a).  Accordingly, "[e]xhibits attached to a dispositive motion are not 'pleadings' within the meaning of [Federal Rule of Civil Procedure] 7(a) and are therefore not subject to a motion to strike under Rule 12(f)."  Fox, 173 F. App'x at 375; accord Baker, 2008 WL 245888, at *3 ("Affidavits and exhibits are not 'pleadings' that are subject to a motion to strike under Rule

2

12(f).") The Court may consider Plaintiffs' arguments regarding the admissibility and relevance of the evidence in deciding the pending Motion for Summary Judgment (see ECF No. 105), but these arguments do not provide a basis for the Court to strike the declaration. See Baker, 2008 WL 245888, at *3 n.6.

Therefore, Plaintiffs' Motion to Strike Defendant Wal-Mart Stores, Inc.'s Summary Judgment Evidence is DENIED.

## II. Defendant's Motion for Leave to File a Sur-Reply

Defendant seeks leave to file a sur-reply to Plaintiffs' Reply in order to "correct the erroneous nature of Plaintiffs' arguments concerning Cash Depot's witness disclosure and to further demonstrate how such arguments serve only to delay the ultimate disposition of Plaintiffs' cases." (ECF No. 143 ¶ 7.) Plaintiffs' oppose the sur-reply stating, "Defendant now seeks to supplement its response with information that could have been submitted therewith." (ECF No. 145 at 2.)

Pursuant to Local Rule 7.1(c), "[e]xcept as provide by LR 12.1(c) and LR 56.1(c), reply memoranda may only be filed upon court order granting a motion for leave to reply." LR 7.1(c). Additionally, courts prefer to decide cases on the merits whenever possible. See United Coin Meter Co., Inc. v. Seaboard Coastline R.R., 705 F.2d 839, 846 (6th Cir. 1983) ("Trials on the merits are favored in federal courts . . . .").

3

For good cause shown, and in order to determine whether Defendant will later be allowed to supplement the allegedly deficient exhibits filed with its Motion for Summary Judgment, Defendant's Motion for Leave to File a Sur-Reply is GRANTED. The content of the sur-reply will be considered with the arguments concerning the admissibility and relevancy of the evidence in deciding the pending Motion for Summary Judgment (ECF No. 105), and to determine whether Defendant's submissions need to be supplemented.  Defendant shall file its sur-reply within five (5) days of entry of this Order, up to and including July 22, 2013.

**IT IS SO ORDERED**, this 16th day of July, 2013.

/s/ Jon P. McCalla
CHIEF U.S. DISTRICT JUDGE